UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATT TAIBBI,                                              Civil Action No: 1:25-cv-9511

          Plaintiff,

v.                                                        **COMPLAINT**

EOIN HIGGINS and BOLD TYPE BOOKS,

a division of HACHETTE BOOK GROUP, INC.

          Defendants.

---

## NATURE OF THE ACTION

1. This is an action for defamation per se arising from the February 4, 2025, publication of "Owned: How Tech Billionaires on the Right Bought the Loudest Voices on the Left" ("Owned" or the "Book"), authored by Defendant Eoin Higgins ("Higgins") and published by Defendant Bold Type Books, a division of Hachette Book Group, Inc. ("BTB").

2. The Book falsely portrays Plaintiff Matthew Taibbi, an award-winning journalist, as having "cashed in" with Elon Musk ("Musk"), sold out his professional ethics, and concealed stories for partisan gain.

3. The Book's cover illustration (Fig. 1 below) depicts a puppeteer's strings, suggesting the "Loudest Voices on the Left," primarily Plaintiff and fellow award-winning journalist Glenn Greenwald, are puppets to billionaires.



(Fig 1.)

4. These allegations amongst others littered throughout Owned are provably false and defamatory *per se*, because they accuse Plaintiff of dishonesty, corruption, and unethical conduct in his chosen profession.

5. Defendants acted with actual malice. *Inter alia* Higgins admitted in a contemporaneous interview that the subtitle's premise, that wealthy tech billionaires "bought" Plaintiff and others, was unsupported: "If people are expecting that they're going to be a little disappointed because you can't really track decisions like this 100 percent to one thing alone." (Washington Babylon, Feb. 2025).

6. When pressed by other journalists to substantiate his claims, Higgins was completely unable to provide basic foundation for his allegations to a level that satisfied his peers.

## PARTIES

7. Plaintiff Matt Taibbi is a journalist, author, and resident and citizen of Morris County, New Jersey.

8. Defendant Eoin Higgins is a journalist and author, believed to reside in and is a citizen of Windham, Maine.

9. Defendant Bold Type Books is an imprint of Hachette Book Group, Inc., headquartered at 1290 Avenue of the Americas, New York, NY 10104.

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because Bold Type Books is based here and the publication was distributed here.

## FACTUAL ALLEGATIONS

12. Plaintiff has built a career on independent journalism, and now relies exclusively on reader subscriptions through Substack since leaving Rolling Stone. He has won numerous awards for ethics and reporting excellence, including the National Magazine Award, the I.F. Stone award for Independent Journalism, the Samizdat Prize, and the Integrity Media award.

13. Plaintiff has never accepted money, employment, or inducements from Elon Musk ("Musk") or any other conservative billionaire patron.

14. In fact, Mr. Taibbi twice refused Musk's offers to monetize content directly on Twitter (now known as X), citing ethical concerns.

15. Plaintiff's income did not "explode" during the Twitter Files project as alleged. To the contrary, during two months of peak public interest in the project, Plaintiff lost money for the first time in his career as an independent journalist while he published his work for free on Twitter.

16. Subsequently, after Musk restricted Substack links for reasons unrelated to this matter, Plaintiff's subscription growth slowed even more, leading to a net financial loss.

17. The Book's title and subtitle "Owned: How Tech Billionaires on the Right Bought the Loudest Voices on the Left" falsely state that Plaintiff was "owned" and "bought" by billionaires.

18. Throughout the Book, Higgins repeats this false theme, including claims that Taibbi "cashed in" with Musk, received a "windfall," concealed stories, and acted unethically.

19. Higgins falsely claims Plaintiff "fully dispensed with any pretense of challenging power in 2022," a year in which he actually investigated, wrote and published damaging stories about the FBI, CIA, and Department of Homeland Security.

20. Later, Plaintiff was visited by the IRS during Congressional testimony about these reports.

21. In media appearances about *Owned,* Higgins on occasion had to defend the central thesis of corruption. When podcaster Andrew Keen said on February 7, 2025 on the *Keen on America* podcast, "You are alleging there is a deal" and asked Higgins to

4

explain it, Higgins said that in Plaintiff's case, it was not a deal but an "implicit understanding," in which a source wouldn't have to tell a reporter, "Hey we need you to spin this in this way" because "they would just know," as in "you do this and you get benefit."

22. That this is what Higgins offers as proof of the concrete corruption implied by the cover is staggering in its brazen admission for a lack of journalistic standards and disregard for Plaintiff's reputation.

23. As an example of the Book's determination to find unethical behavior where there is none, Higgins claims Plaintiff ignored the story that "the Trump administration routinely demanded material be taken down" by Twitter. Plaintiff in fact *broke* that story, in the first Twitter Files report on December 2, 2022.

24. Higgins additionally compared Plaintiff to fellow Twitter Files reporter Bari Weiss, saying: "Unlike Taibbi, [Bari] Weiss used Musk rather than being used by him and spun the Twitter Files into an independent career move." In fact, Weiss immediately parlayed the Twitter Files into a fundraising campaign that generated $15 million in seed capital for her Substack platform *The Free Press*, money which came from actual billionaires Marc Andreessen and David Sacks, then later sold the property for $200 million to another billionaire, Larry Ellison. Plaintiff meanwhile never sought outside funding and never solicited help of any kind from wealthy donors, in direct contradiction to the Book's claims.

25. Defendants published these statements knowing or recklessly disregarding their falsity, and knowing that Higgins had not interviewed Plaintiff or consulted available evidence.

5

26. Basic disregard for elementary fact is replete throughout the Book. For instance, Higgins writes that Plaintiff early in his career "largely went after GOP politicians, and hardly seemed a threat to Democrats or the left," despite the fact that Plaintiff wrote one best-selling book, *Spanking The Donkey,* that was entirely devoted to mocking Democrats and another, *The Divide,* whose reporting focused on the failure of the Justice Department of Barack Obama to prosecute corrupt banks.

27. Following publication, Higgins admitted in *The Plot to Steal the Media: Send in the Clowns* published on February 4, 2025, that the Book's central thesis was unsupported, stating in an interview that readers "expecting" a direct line (i.e. proof) would "be disappointed."

28. These falsehoods constitute defamation per se, as they directly accuse Plaintiff of professional corruption, dishonesty, and unethical conduct.

29. Higgins continues to promote the idea the Plaintiff is "bought" and "owned" in high-profile media appearances in outlets like *The Chicago Tribune,*[1] *The Nation*,[2] *The American Prospect,*[3] *CSPAN,*[4] *The New Republic,*[5] *Salon.com*[6]*,* and other broadcast and podcast appearances, in order to promote himself and the Book.

---

[1] https://www.chicagotribune.com/2025/04/26/biblioracle-eoin-higgins-owned/
[2] https://www.thenation.com/podcast/society/ttom-07212025/
[3] https://prospect.org/podcasts/2025-02-13-owned-higgins-greenwald-taibbi/
[4] https://www.c-span.org/program/book-tv/owned-how-tech-billionaires-on-the-right-bought-the-loudest-voices-on-the-left/656023
[5] https://newrepublic.com/article/193531/glenn-greenwald-matt-taibbi-tech-billionaires-journalists
[6] https://www.salon.com/2025/02/02/the-substack-invasion-when-the-tech-bros-came-for-journalism-everything-changed/

30. On February 7, 2005, Podcaster Andrew Keen[7] repeatedly pressed Higgins, noting "the subtitle of your book is 'How Tech billionaires on the right have bought the loudest voices on the left" and cautions that "this is quite a serious allegation."

31. When asked to provide his best "Smoking gun" evidence of such corruption. Higgins repeatedly declined to offer any example of financial corruption on Plaintiff's part, and ultimately replied, "I think that the investment in Rumble and paying Glenn [Greenwald] to come to Rumble is a pretty good smoking gun for paying these journalists." No connection whatsoever to Plaintiff.

32. On *The Vanguard* podcast on April 27, 2025[8]  Higgins conceded that his journalistic method was deeply lacking, admitting that  "It's not like Matt Taibbi get selected by Elon Musk to do the Twitter Files and then went to the right," but that the perceived ideological change was based on a "lot of factors," that "part of it is like the nuance of getting older and having different politics and different experiences that change the way you think." Hardly the stuff of being 'owned.'

33. On his own admission, having trampled on Mr. Taibbi's reputation to gain currency and elevate himself, Higgins concedes that his calumny was bogus, unsubstantiated and *ipso facto,* malicious.

34. Bizarrely, Defendant Hachette failed to fact-check the Book, and demonstrated reckless disregard to the truth of the allegations contained therein.

---

[7] https://www.youtube.com/watch?v=Vsn3LxIe-ZU
[8] https://www.youtube.com/watch?v=jm1k9IWwCyY

## CLAIM FOR RELIEF
## COUNT I – Defamation Per Se (Against All Defendants)

35. Defendants published false and defamatory statements of fact about Plaintiff in the Book.

36. These statements are defamatory *per se* because they accuse Plaintiff of corruption, dishonesty, and unethical conduct in his profession.

37. Defendants acted with actual malice or with reckless disregard for the truth.

38. Plaintiff has suffered reputational and financial damages in an amount to be determined at trial but in excess of $1,000,000.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and award:

  i. Compensatory damages;
 ii. Punitive damages;
iii. Costs and attorneys' fees; and
 iv. Such other relief as the Court deems just and proper.

Dated:      November 13, 2025
            Miami, Florida

Respectfully submitted,

**GS2LAW PLLC**
By: s/ Robert Garson
Robert Garson (RG 1521)
20801 Biscayne Blvd, Suite 506
Aventura, FL, 33180
rg@gs2law.com
*Attorneys for Plaintiff, Matt Taibbi*

8