**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MATT TAIBBI,

          Plaintiff,

       v.

EOIN HIGGINS and BOLD TYPE BOOKS,
a division of  HACHETTE BOOK GROUP, INC.
          Defendants.

---

Civ. No:  1:25-cv-9511(GBD)

 

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**

Robert Garson
**GS2 LAW PLLC**
20801 Biscayne Blvd., Suite 506
Aventura, Florida 33180
Tel.: (305) 780-5212
rg@gs2law.com
*Attorneys for Plaintiff Matt Taibbi*

Dated: June 2, 2026

## TABLE OF CONTENTS

*PRELIMINARY STATEMENT*................................................................................ *1*

*ARGUMENT* ................................................................................................. *2*

    I.    **SECTION 70-A FEES CANNOT BE RECOVERED BY POST-DISMISSAL MOTION IN FEDERAL COURT** .........................................................................................2

        A.   *The Statute Requires an "Action, Claim, Cross Claim or Counterclaim" Not a Motion in SDNY* .................................................................................2

        B.   *Rule 54(d)(2) Does Not Supply the Missing Substantive Predicate* .................4

    II.   *BERK v. CHOY* **REINFORCES THE MAJORITY SDNY VIEW** .................................4

    III.   **DEFENDANTS' RELIANCE ON** *BOBULINSKI V. TARLOV* **IS UNAVAILING** ...........6

    IV.   **DISMISSAL ON NONACTIONABLE OPINION GROUNDS DOES NOT ESTABLISH LACK OF "SUBSTANTIAL BASIS"**.......................................................................7

    V.   **DEFENDANTS' REQUESTED FEES ARE EXCESSIVE AND UNREASONABLE** ..........10

*CONCLUSION* ............................................................................................*12*

ii

**TABLE OF AUTHORITIES**

**CASES**

*Berk v. Choy*, 607 U.S. 187 (2026) .......................................................................... 1, 4, 7, 12

*Bobulinski v. Tarlov*, 758 F. Supp. 3d 166 (S.D.N.Y. 2024) ............................................. 6, 7

*Center for Medical Progress v. Planned Parenthood Federation of America*, 551 F. Supp. 3d 320 (S.D.N.Y. 2021)................................................................................................. 2, 4

*Chinese Americans Civil Rights Coalition, Inc. v. Trump*, No. 21-CV-4548 (JGK), 2022 WL 1443387 (S.D.N.Y. May 6, 2022) ................................................................................. 3

*Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)* ................................................................. 5

*Heilbut v. Cassava Sciences, Inc.*, 778 F. Supp. 3d 551 (S.D.N.Y. 2025) ............................. 5

*Lackey v. Stinnie*, 604 U.S. 192 (2025)............................................................................. 4

*Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento*, No. CIV. S-14-0666 KJM, 2014 WL 5698448........................................................................................... 11, 12

*Lindell v. Mail Media Inc.*, 575 F. Supp. 3d 479 (S.D.N.Y. 2021) ....................................... 2

*Lively v. Wayfarer Studios LLC*, 2026 WL 852733 (S.D.N.Y. Mar. 27, 2026).................... 3, 5

*Wang v. Sussman*, 2025 WL 2607155 (S.D.N.Y. Sept. 9, 2025) ............................... 3, 5, 10

**STATUTES**

New York Civil Rights Law § 70-a(1)(a)......................................................................passim

**RULES**

CPLR 3211(g) .........................................................................................................passim

Federal Rule of Civil Procedure 54(d)(2) ....................................................................passim

Federal Rule of Civil Procedure 11 ................................................................................. 6

Federal Rule of Civil Procedure 12(b)(6) ..................................................................... 9, 10

Federal Rule of Civil Procedure 12 ................................................................................. 8

**PRELIMINARY STATEMENT**

Plaintiff Matt Taibbi respectfully submits this memorandum of law in opposition to Defendants Eoin Higgins and Bold Type Books' (collectively, "Defendants") motion for attorneys' fees and costs pursuant to New York Civil Rights Law § 70-a(1)(a) and Federal Rule of Civil Procedure 54(d)(2). Defendants' motion should be denied for several independent reasons.

First, the dominant and most recent line of authority in this District holds that anti-SLAPP fees under Section 70-a cannot be recovered by post-dismissal motion in the original action; they require a separate "action, claim, cross claim or counterclaim," a threshold pleading act that Defendants never undertook. Second, Federal Rule of Civil Procedure 54(d)(2) is a purely procedural vehicle for seeking fees; it does not supply the missing substantive predicate that Section 70-a demands. Third, the Supreme Court's recent decision in *Berk v. Choy*, 607 U.S. 187 (2026), reinforces this conclusion: when a valid Federal Rule answers the disputed question, state procedural mechanisms including CPLR 3211(g)'s specialized motion procedure for Section 70-a fees are displaced. Fourth, even if the Court were to reach the merits of Defendants' fee claim, this Court's dismissal of Plaintiff's complaint on nonactionable-opinion grounds does not compel the conclusion that the action lacked a "substantial basis in fact and law," because the opinion/fact distinction is a legitimate area of contested law.

1

## ARGUMENT

I.    **SECTION 70-A FEES CANNOT BE RECOVERED BY POST-DISMISSAL MOTION IN FEDERAL COURT**

A.    ***The Statute Requires an "Action, Claim, Cross Claim or Counterclaim" Not a Motion in SDNY***

New York Civil Rights Law § 70-a(1) provides that "a defendant in an action involving public petition and participation ... may maintain an *action, claim, cross claim or counterclaim* to recover damages, including costs and attorney's fees." This language is not merely precatory; it is a statutory threshold that must be satisfied before any fee award may issue. A Rule 54(d)(2) motion is none of these things. It is not an "action" (that would require a new complaint), not a "claim" in the pleading sense (it is a motion), not a "cross claim" (which must be asserted in a responsive pleading against a co-party), and not a "counterclaim" (which must be asserted in a responsive pleading against an opposing party).

Multiple judges in this District have reached precisely this conclusion. In *Center for Medical Progress v. Planned Parenthood Federation of America*, 551 F. Supp. 3d 320, 333 (S.D.N.Y. 2021), Judge McMahon observed that the defendant "has not actually moved for an award of attorney's fees, and it certainly has not yet brought an 'action, claim, cross claim or counterclaim' to recover its attorney's fees," adding that "a single sentence in a brief is not an appropriate basis on which to premise an award of attorney's fees under this statute" and that "even a cross-motion for fees would appear to be inadequate." In *Lindell v. Mail Media Inc.*, 575 F. Supp. 3d 479, 489 (S.D.N.Y. 2021), the court denied fees to defendants who "request[ed] attorneys' fees in their memorandum supporting their

motion to dismiss" because they "never asserted a standalone counterclaim for attorneys' fees." In *Chinese Americans Civil Rights Coalition, Inc. v. Trump*, No. 21-CV-4548 (JGK), 2022 WL 1443387 at *6 (S.D.N.Y. May 6, 2022), the court denied fees on the same ground because the defendant "has not brought a separate action for fees or filed a 'claim, cross claim or counterclaim' in this action."

Most significantly, in two recent decisions, courts in this District have squarely held that a post-dismissal Rule 54(d)(2) motion is insufficient to support an award of fees under Section 70-a. In *Wang v. Sussman*, 2025 WL 2607155 (S.D.N.Y. Sept. 9, 2025), Judge Subramanian held that Section 70-a's substantive fee right survives in federal court but must be pursued through a standalone Section 70-a action or counterclaim, not through a motion to dismiss or a post-judgment Rule 54(d)(2) motion. The court explained at *4 that the statute specifically references CPLR 3211(g) New York's specialized motion-to-dismiss statute for anti-SLAPP cases without purporting to "make attorney's fees available to parties who obtain dismissal by other means."

Further, in *Lively v. Wayfarer Studios LLC*, 2026 WL 852733 at *5 (S.D.N.Y. Mar. 27, 2026), the court denied fees without prejudice, holding that the moving party must proceed by way of "an action, claim, cross claim or counterclaim" and that a Rule 54(d)(2) motion is not sufficient.

Defendants here are in the same position as the defendants in each of these cases. They never asserted a Section 70-a counterclaim during the pendency of the action. Their Rule 54(d)(2) motion, filed after judgment, was their first request for fees in a filed document. Under the majority view in this District, this is fatal to their fee claim.

### B.  Rule 54(d)(2) Does Not Supply the Missing Substantive Predicate

Defendants' reliance on Rule 54(d)(2) as the vehicle for their fee request cannot cure the substantive deficiency. Rule 54(d)(2) is a procedural container; it governs the form and timing of a fee request, but it creates no substantive right to fees. The American Rule holds that parties ordinarily bear their own attorneys' fees unless a statute or contract provides otherwise. *Lackey v. Stinnie*, 604 U.S. 192 (2025). The substantive right here must come from Section 70-a itself, and the critical question is whether a post-dismissal Rule 54(d)(2) motion qualifies as the "action, claim, cross claim or counterclaim" that Section 70-a demands. For the reasons set forth above, it does not.

A Rule 54(d)(2) motion filed after judgment, without any prior pleading, is even less than a cross-motion during the case, and Judge McMahon observed in *Center for Medical Progress* at 333 that even a cross-motion would "appear to be inadequate" under Section 70-a(1).

### II.    *BERK v. CHOY* REINFORCES THE MAJORITY SDNY VIEW

Defendants may contend that Section 70-a's fee-shifting provision is a substantive right that applies in federal court under *Erie*. Even accepting that proposition, it does not follow that every procedural mechanism associated with that right also applies. The Supreme Court's decision in *Berk v. Choy*, 607 U.S. 187 (2026), directly addresses this analytical framework.

*Berk* held at p. 192 that when a valid Federal Rule of Civil Procedure "answers the question in dispute," a federal court bypasses the *Erie* [1]inquiry into whether the displaced

---

[1] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)

state law is substantive; the Rules Enabling Act displaces contrary state law, and the court need only ask whether the Federal Rule "really regulates procedure." *Berk* 607 U.S. at 198. The Court expressly rejected the argument that a state law characterized as "preconditions to proceeding" or labeled as substantive is exempt from displacement by an on-point Federal Rule.

The implications for Section 70-a's fee mechanism are significant and run in one direction: toward the *Wang*/*Lively* view. As the *Wang* court recognized, there is a key distinction between (a) the substantive cause of action created by Section 70-a which does not invoke any state procedural rules and is therefore not displaced by *Erie* or the Federal Rules and (b) the CPLR 3211(g) mechanism for pursuing fees by motion which answers the same question Rule 11 answers and is therefore displaced. Because Defendants seek to invoke the CPLR 3211(g) motion mechanism in federal court, where it does not exist, their motion is procedurally defective. The substantive right to fees under Section 70-a survives, but it must be pursued through the proper vehicle: a separate action or counterclaim.

This is precisely the approach endorsed in *Heilbut v. Cassava Sciences, Inc.*, 778 F. Supp. 3d 551 (S.D.N.Y. 2025), where the court permitted a Section 70-a fee claim to proceed as a freestanding action filed after the underlying defamation case was dismissed. Defendants' path is a freestanding Section 70-a action in a new filing an approach recognized as viable in this District.

5

### III.    DEFENDANTS' RELIANCE ON *BOBULINSKI V. TARLOV* IS UNAVAILING

Defendants rely heavily on *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 188 (S.D.N.Y. 2024), in which Judge Oetken held that "maintain an action" in Section 70-a(1) includes "defendants' continuing to litigate in an original action filed against them," and that a demand for attorney's fees asserted in the original action is sufficient without a separate filing. This reliance is misplaced for multiple reasons.

First, *Bobulinski* is a minority position that has been expressly rejected by the more recent and dominant line of authority in this District. Both *Wang* and *Lively*, decided after *Bobulinski*, declined to follow its reasoning. The *Wang* court specifically considered and rejected *Bobulinski*'s interpretation, noting that it conflicted with the plain text of Section 70-a and the weight of authority in this District. Moreover, the Court notes that anti-SLAPP attorneys' fees are not available by motion in an action in federal court, and must be brought as a distinct cause of action.

Second, even under *Bobulinski*'s generous reading, the result here would be the same. *Bobulinski* presupposes that the demand for fees was made *during* the original litigation specifically, in the motion to dismiss memorandum. A demand first made post-dismissal cannot satisfy even the most generous reading of "maintaining an action" in the original litigation, because the action has already been concluded. Here, Defendants did not request fees until after this Court had already dismissed the complaint and directed the clerk to enter judgment.

Third, the Supreme Court's reasoning in *Berk v. Choy* undermines the *Bobulinski* court's reasoning. *Berk* explicitly at p. 192 held that "a valid Rule of Civil Procedure

6

displaces contrary state law even if the state law would qualify as substantive under *Erie*'s test." Here, Defendants similarly cannot rewrite New York's anti-SLAPP fee provisions to avoid the conflict with Rules 12 and 56.

### IV.    DISMISSAL ON NONACTIONABLE OPINION GROUNDS DOES NOT ESTABLISH LACK OF "SUBSTANTIAL BASIS"

Even if the Court were inclined to reach the merits of the Section 70-a fee claim, Defendants have not demonstrated that this action "was commenced or continued without a substantial basis in fact and law." N.Y. Civ. Rights Law § 70-a(1)(a). This Court dismissed Plaintiff's complaint on the ground that the challenged statements were nonactionable opinion. While Defendants characterize this dismissal as automatic proof that the complaint lacked a "substantial basis," the analysis is considerably more nuanced.

Dismissal on nonactionable-opinion grounds presents a harder "substantial basis" case for Defendants than dismissal on pleading defects like failure to plead actual malice, because the opinion/fact distinction is a legitimate area of contested law. The question of whether a particular statement constitutes protected opinion or actionable fact is frequently close and context-dependent. Courts routinely observe that the distinction between fact and opinion is "a question of law for the court," but one that turns on the "content of the communication, its tone, and its full context," making it inherently debatable. The fact that this Court ultimately concluded the statements were opinion does not mean that Plaintiff's contrary reading lacked a "substantial basis."

Critically, Defendants' failure to raise Section 70-a in their motion to dismiss briefing compounds the problem with their fee claim. Defendants did not invoke the anti-

SLAPP statute in their motion to dismiss, nor did they seek dismissal pursuant to CPLR 3211(g)'s heightened standard. Instead, they relied solely on the conventional standards governing Rule 12(b)(6) motions. This omission is not merely procedural it is substantively consequential. Had Defendants placed the Court on notice that a mandatory fee-shifting determination would follow from dismissal, the Court's analysis would necessarily have been informed by that consequence. The "substantial basis" inquiry under Section 70-a is distinct from and more demanding than the Rule 12(b)(6) plausibility standard; it requires the court to assess whether the action was commenced "without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." A court aware that its ruling would trigger mandatory fee-shifting would have had reason to address whether Plaintiff's claims, though ultimately unsuccessful, nonetheless rested on a colorable legal theory namely, that the challenged statements implied undisclosed facts about financial corruption and were therefore actionable as mixed opinion, a theory that courts have recognized as a legitimate, if contested, area of defamation law.

By withholding their fee claim until after the Court issued its opinion, Defendants deprived the Court of the opportunity to evaluate the "substantial basis" question contemporaneously with its merits analysis, and deprived Plaintiff of the opportunity to brief the fee issue alongside the motion to dismiss. This is precisely the kind of procedural ambush that the statutory requirement of an "action, claim, cross claim or counterclaim" is designed to prevent ensuring that a party facing potential fee-shifting has notice and a fair opportunity to be heard on both the merits and the fee question. The Court should

8

not now permit Defendants to bootstrap a standard Rule 12(b)(6) dismissal into a mandatory fee award when they never raised the anti-SLAPP framework that would have shaped the Court's analysis from the outset.

Section 70-a's "substantial basis" standard is not equivalent to a simple Rule 12(b)(6) standard, as Defendants suggest. Rather, the plaintiff must show "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact." While some courts have held that a complaint dismissed for failure to state a claim *necessarily* lacks a "substantial basis," this reasoning is less compelling where, as here, the dismissal turned on a close question of law the characterization of statements as opinion versus fact rather than on the absence of necessary allegations.

The anti-SLAPP statute was never intended to transform every unsuccessful libel claim into a vehicle for fee-shifting. The New York legislature enacted Section 70-a to deter and remedy a specific evil: the filing of meritless litigation designed to silence and punish those who exercise their rights of speech and petition so-called "strategic lawsuits against public participation." The statute was not designed to penalize good-faith litigants who advance plausible but ultimately unsuccessful defamation theories. To interpret it otherwise as Defendants urge would convert the anti-SLAPP law from a shield against abusive litigation into a sword that chills legitimate access to the courts. If every defamation complaint that is dismissed at the motion to dismiss stage automatically triggers mandatory fee-shifting, the result would be to deter plaintiffs from vindicating genuine reputational injuries, even where their claims rest on arguable legal theories and contested factual characterizations. Such an outcome would turn the anti-SLAPP statute

9

on its head, converting a law designed to protect free expression into a mechanism that punishes private citizens for seeking judicial redress. This is precisely why the statute demands that the action have been commenced "without a substantial basis in fact and law *and* could not be supported by a substantial argument for the extension, modification or reversal of existing law" a conjunctive standard that requires more than a simple Rule 12(b)(6) dismissal to trigger mandatory fees.

Furthermore, even under the authorities Defendants cite, a more searching inquiry is warranted when the underlying dismissal involves a question of characterization rather than the complete absence of required pleading elements. The *Wang* court itself noted that a federal court dismissing a complaint that would survive under New York's standard but fails under federal pleading rules "would have to separately analyze the 'substantial basis in fact and law' standard for attorney's fees." This nuance is particularly relevant here, where the dismissed claims rested on arguable readings of statements in a nationally published book, and the opinion/fact line was the central contested issue.

## V.    DEFENDANTS' REQUESTED FEES ARE EXCESSIVE AND UNREASONABLE

Even if the Court were to find that Defendants are entitled to fees which Plaintiff disputes for the foregoing reasons the amount sought is excessive. Defendants seek $178,732.50 in fees for what amounted to a relatively straightforward defamation action resolved at the motion to dismiss stage.

Defendants report that their counsel expended 312.90 hours defending this action, a figure that is unreasonable given the scope of the case. This was a single-count defamation complaint resolved before discovery. The motions to dismiss presented a

10

narrow set of issues: whether the challenged statements were protected opinion, and whether Plaintiff adequately pled actual malice. Courts have consistently recognized that even anti-SLAPP motions and related motions to dismiss are typically not complex, and that fee awards should be calibrated accordingly. Numerous courts have determined that anti-SLAPP litigation to be "relatively straight forward and not particularly complex." See e.g., *Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento*, No. CIV. S-14-0666 KJM, 2014 WL 5698448, at *4 (E.D. Cal. Nov. 4, 2014) ("Given the non-complex nature of the anti-SLAPP motion, the 211.25 hours sought by defendants is high.")

Moreover, Defendants' billing rates, while characterized as discounted, are still substantial for what was effectively a pre-discovery motion to dismiss. The partner rate of $675–$735 per hour and associate rate of $460–$545 per hour, while below the attorneys' standard rates, should be evaluated against the actual complexity and difficulty of the work performed. Where, as here, the movant's own counsel touts its specialized expertise in media and First Amendment law, the Court should expect greater efficiency, not more hours. Anti-SLAPP fee awards typically range from 40 to 75 hours for the motion itself. See *Lin* at *4, *7 (E.D. Cal. Nov. 4, 2014) (finding reasonable 71.66 hours on anti-SLAPP motion and collecting cases noting anti-SLAPP awards typically range from 40 to 75 hours). While Defendants filed two motions to dismiss and attended two court conferences, the total of 312.90 hours far exceeds what is reasonable for a matter of this nature.

11

The Court should scrutinize the billing records for entries unrelated to the anti-SLAPP defense. The anti-SLAPP statute's fee-shifting provision is limited to fees incurred in connection with the anti-SLAPP defense, not the entire litigation. Defendants have the burden of demonstrating that each hour billed was reasonably related to the defense of the SLAPP action.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion for attorneys' fees and costs. The motion is procedurally defective because Defendants never filed the "action, claim, cross claim or counterclaim" that Section 70-a requires; Rule 54(d)(2) does not supply the missing substantive predicate; the Supreme Court's decision in *Berk v. Choy* reinforces the displacement of CPLR 3211(g) in federal court; even if the Court reaches the merits, the dismissal on nonactionable-opinion grounds does not compel a finding that the action lacked a "substantial basis"; and in any event, the fees Defendants seek are excessive and unreasonable. In the alternative, if the Court is inclined to award any fees, Plaintiff requests that the amount be substantially reduced to reflect the straightforward nature of the case.

Dated:      June 2, 2026
            Miami, FL                          Respectfully submitted,
                                               **GS2LAW PLLC**

                                               By: _____

                                               Robert Garson (RG 1521)
                                               20801 Biscayne Blvd, Suite 506
                                               Aventura, FL, 33180
                                               rg@gs2law.com
                                               *Attorneys for Plaintiff, Matt Taibbi*

12