**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MATT TAIBBI,

                            Plaintiff,

              v.

EOIN HIGGINS and BOLD TYPE BOOKS, a
division of HACHETTE BOOK GROUP, INC.,

                            Defendants.

Case No. 1:25-cv-09511-GBD

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT**
**OF DEFENDANTS' RULE 54(d) MOTION FOR ATTORNEY'S FEES AND COSTS**

**DAVIS WRIGHT TREMAINE LLP**
Elizabeth A. McNamara
Leena M. Charlton
1251 Avenue of the Americas, 42ND Floor
New York, NY 10020
Phone: (212) 489-8230
Email: lizmcnamara@dwt.com
              leenacharlton@dwt.com

*Counsel for Defendants*

**Table of Contents**

Page(s)

I.    NEW YORK'S ANTI-SLAPP LAW APPLIES IN FEDERAL COURTS........................ 1

    A.    Rule 54 Is The Proper Procedure For A Request For Attorney's Fees................... 1

    B.    Dismissal Under 12(B)(6) Means The Case Lacked A Substantial Basis.............. 5

    C.    *Berk v. Choy* Is Not Relevant Here........................................................................ 7

II.    DEFENDANTS' ATTORNEY'S FEES ARE REASONABLE ....................................... 8

CONCLUSION.................................................................................................................. 10

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.R.P. v. City of New York*,
   88 Misc. 3d 1217(A), (Sup. Ct. N.Y. Cty. 2026)........................................................................7

*Berk v. Choy*,
   607 U.S. 187 (2026)..................................................................................................................7, 8

*Bobulinksi v. Tarlov*,
   2025 WL 872178 (S.D.N.Y. Mar. 20, 2025) ................................................................6, 8, 9, 10

*Bobulinski v. Tarlov*,
   758 F. Supp. 3d 166 (S.D.N.Y. 2024)...........................................................................2, 6, 9, 10

*Button v. New York Times Co.*,
   2025 WL 2643674 (S.D.N.Y. Sept. 15, 2025),
   *appeal filed* (2d Cir. 25-2634) (Oct. 22, 2025) ........................................................................1, 2

*Chau v. Lewis*,
   771 F.3d 118 (2d Cir. 2014)..........................................................................................................6

*Chinese Americans C.R. Coal., Inc. v. Trump*,
   2022 WL 1443387 (S.D.N.Y. May 6, 2022) .................................................................................4

*Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*,
   551 F. Supp. 3d 320 (S.D.N.Y. 2021), *aff'd sub nom.*
   *Daleiden v. Planned Parenthood Fed'n of Am.*, 2022 WL 1013982 (2d Cir. Apr. 5, 2022).....4

*Gertz v. Robert Welch, Inc.*,
   418 U.S. 323 (1974)......................................................................................................................6

*Golan v. Daily News, L.P.*,
   2023 WL 5900247 (Sup. Ct. N.Y. Cty. Sep. 11, 2023) .........................................................4, 10

*Grifols, S.A. v. Yu*,
   2026 WL 836657 (S.D.N.Y. Mar. 26, 2026) ................................................................................7

*Gross v. N.Y. Times Co.*,
   82 N.Y.2d 146 (1993) ...................................................................................................................6

*Heilbut v. Cassava Sciences, Inc.*,
   778 F. Supp. 3d 551 (S.D.N.Y. 2025)...........................................................................................5

*Isaly v. Garde*,
  2024 WL 1156850 (Sup. Ct. N.Y. Cty. Mar. 18, 2024),
  *aff'd*, 241 A.D.3d 1085 (1st Dep't 2025).................................................................................3

*Lindell v. Mail Media Inc.*,
  575 F. Supp. 3d 479 (S.D.N.Y. 2021).....................................................................................4

*Lively v. Wayfarer Studios LLC*,
  2026 WL 852733 (S.D.N.Y. Mar. 27, 2026) ...........................................................................6

*Reeves Associated Newspapers, Ltd.*, 232 A.D.3d 10 (1st Dep't 2024)....................................5, 10

*Richey v. Showtime Networks Inc.*,
  2026 WL 867264 (D. Del. Mar. 30, 2026) .............................................................................1

*Satanic Temple, Inc. v. Newsweek Mag. LLC*,
  774 F. Supp. 3d 688 (S.D.N.Y. 2025*), aff'd sub nom.*
  *Satanic Temple, Inc. v. Newsweek Digital LLC*, 2026 WL 1502095
  (2d Cir. May 28, 2026) .................................................................................................1, 4, 7

*Trinh v. Nguyen*,
  211 A.D.3d 1623 (4th Dep't 2022)........................................................................................7

*Wang v. Sussman*,
  2025 WL 2607155 (S.D.N.Y. Sept. 9, 2025)
  *appeal filed* (2d Cir. 25-2487) (Oct. 9, 2025) .......................................................................6

**Statutes**

N.Y. Civ. Rights Law § 70-a *et seq* ......................................................................................1, 2

**Other Authorities**

CPLR 3211(g)...................................................................................................................3, 5

Fed. R. Civ. P. 54.......................................................................................................*passim*

L.R. 54.1 *et seq* ..................................................................................................................1, 2

N.Y. State Assembly Mem. in Support, Bill Jacket, L 2020, ch. 250 ..........................................7

Defendants Eoin Higgins and Bold Type, an imprint of Basic Books Group, a division of Hachette Book Group, Inc. ("Hachette") (collectively, "Defendants") respectfully submit this reply memorandum of law in further support of their motion for attorney's fees (ECF No. 38) ("Mot.") pursuant to Fed. R. Civ. P. 54, L.R. 54.1, and N.Y. Civil Rights Law § 70-a(1)(a).

## I.   NEW YORK'S ANTI-SLAPP LAW APPLIES IN FEDERAL COURTS

Plaintiff makes a number of arguments questioning the application of New York's anti-SLAPP law in federal court.  Yet, whatever conflict previously existed in prior district court rulings, *see* Mot. at 5-6, the issue is now resolved.  Two weeks ago, the Second Circuit squarely held that "Section 76-a of New York's anti-SLAPP statute applies when a court exercises diversity jurisdiction."  *Satanic Temple, Inc. v. Newsweek Digital LLC*, 2026 WL 1502095, at *5-6 (2d Cir. May 28, 2026) ("We agree with the district court that New York's recently amended anti-SLAPP statute applies here") (citing *Adelson v. Harris*, 774 F.3d 803, 809 (2d Cir. 2014) (finding application of "mandatory fee shifting" in anti-SLAPP provision was "unproblematic"), *certified question answered,* 133 Nev. 512, 402 P.3d 665 (2017)).  With this additional ruling in *Satanic Temple*, there is no doubt that substantive provisions in New York's anti-SLAPP law, including for mandatory attorney's fees, are applied in federal court.

### A.   Rule 54 Is The Proper Procedure For A Request For Attorney's Fees

Plaintiff contends that Defendants have improperly requested fees, arguing both that anti-SLAPP should have been raised earlier and that Defendants must file a separate action for fees. *See* ECF No. 42 ("Opp.") at 2-7.  But Rule 54(d) is the proper mechanism for requesting attorney's fees in federal court.  *See Richey v. Showtime Networks Inc.*, 2026 WL 867264, at *5 (D. Del. Mar. 30, 2026) ("Showtime's request tees up two further questions that implicate those [Federal] Rules: whether Showtime can recover *costs* using New York law, and *when* and *how* it must request costs and fees.  Rule 54(d) concerns both of those questions."); *Button v. New York Times Co.*, 2025 WL

2643674, at \*21 (S.D.N.Y. Sept. 15, 2025) (denying without prejudice New York's anti-SLAPP fees under Rule 54(d), as defendants failed to provide the required information) (citing *Cameau v. Nat'l Recovery Agency, Inc.*, 2018 WL 4522104, at \*4 (E.D.N.Y. Aug. 6, 2018) ("Rule 54(d)(2) is a procedural guide to be utilized where attorneys' fees are elsewhere authorized."), *report and recommendation adopted*, 2018 WL 4853050 (E.D.N.Y. Sept. 28, 2018) and *Latin Am. Fin. Grp., Inc. v. Pareja*, 2007 WL 1009506, at \*1 (S.D.N.Y. Apr. 2, 2007) (referring to Rule 54 as an "unambiguous procedural rule.")), *appeal filed* (2d Cir. 25-2634) (Oct. 22, 2025).

Rule 54 requires that the party seeking fees does so by motion "no later than 14 days after the entry of judgment."[1]  The legal authority—or "substantive predicate" Plaintiff alleges is missing, Opp. at 4—is New York's anti-SLAPP law.  That law states that a defendant in an anti-SLAPP action "may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action." N.Y. Civ. Rights Law § 70-a(1).  And the *Bobulinski* court explained that "'maintain[ing] an action' includes defendants' continuing to litigate in an original action filed against them." *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 188, n.22 (S.D.N.Y. 2024) (citing *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 695 (2003) and *Smallwood v. Gallardo*, 275 U.S. 56, 61 (1927) ("To maintain a suit is to uphold, continue on foot and keep from collapse a suit already begun.")).  That is precisely what Defendants have done here—filed a Rule 54 motion in the original action filed against them, within 14 days of entry of judgment, seeking fees under anti-SLAPP's mandatory attorney's fee provision.

Still, Plaintiff insists that Defendants must file a separate action.  While some district courts

---

[1] Rule 54 is not the proper procedure where "the substantive law requires those fees to be proved at trial as an element of damages," or where a district court has local rules to "establish special procedures … to resolve fee-related issues." R. 54(d)(2)(A, D).  Neither situation arises in this case.  *See* L.R. 54-1(c)(7) ("A motion for attorney's fees and related nontaxable expenses must be made within the time period prescribed by Fed. R. Civ. P. 54").

2

have required parties to do so, there has been no binding decision addressing that question, and the decisions of sister courts do not foreclose other methods of seeking fees. Plaintiff argues that fees must be sought in a separate action because this "action has already been concluded." Opp. at 6; *id.* ("Defendants did not request fees until after this Court had already dismissed the complaint and directed the clerk to enter judgment."). This is incorrect. Rule 54 explicitly states it can only be invoked *after judgment*. Fed. R. Civ. P. 54(d)(2)(B). Thus, a post-dismissal motion is required by the Rules. Further, this action has not "concluded." While the Court dismissed the complaint and entered judgment, the motion was filed during the 30-day appeal period, as required. And, indeed, Plaintiff has since filed a notice of appeal.

The cases Plaintiff cites in support of this argument are not persuasive. Opp. at 2-3. Those cases—decided in 2021—are now outdated as both state and federal courts have continued to grapple with the application of anti-SLAPP. New York courts have since parsed the statute's text and repeatedly determined that it allows for collecting fees through a fee motion, like here, or even through the dismissal motion itself. "[A] demand for costs and fees is non-discretionary and may be premised solely upon a decision granting a CPLR 3211(g) ["substantial basis" standard] motion to dismiss," while the "*discretionary* compensatory and punitive damages claims…require progressively higher levels of intent and motive that are more conducive to pleadings and litigation independent" of the motion. *Isaly v. Garde*, 2024 WL 1156850, at *5 (Sup. Ct. N.Y. Cty. Mar. 18, 2024) ("the question of whether fees and costs could be sought by motion rather than a counterclaim or standalone pleading was posed by the parties and answered by the First Department. And the answer was yes.") (citing *Aristocrat Plastic Surgery P.C. v. Silva*, 206 A.D.3d 26, 29 (1st Dept. 2022) and *Golan v. Daily News, L.P.*, 214 A.D.3d 558, 559 (1st Dept. 2023)), *aff'd*, 241 A.D.3d 1085 (1st Dep't 2025)).

3

Further, in the cases relied on by Plaintiff, the requests for fees were single sentences in dismissal briefs. That is neither a separate "claim, cross-claim, or counterclaim." And, though the defendants were unquestionably maintaining an action, it is not the proper way to seek fees in federal court. *Lindell v. Mail Media Inc.*, 575 F. Supp. 3d 479, 489 (S.D.N.Y. 2021) (denying request for fees without prejudice, as "Defendants request attorneys' fees in their memorandum supporting their motion to dismiss"); *Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*, 551 F. Supp. 3d 320, 332 (S.D.N.Y. 2021), ("In a single sentence in the middle of its brief, Defendant asserts that it is entitled to recover its attorney's fees and costs under New York's recently amended anti-SLAPP statute"), *aff'd sub nom. Daleiden v. Planned Parenthood Fed'n of Am.*, 2022 WL 1013982 (2d Cir. Apr. 5, 2022); *Chinese Americans C.R. Coal., Inc. v. Trump*, 2022 WL 1443387, at \*6 (S.D.N.Y. May 6, 2022) (dismissed under 12(b)(1), "[i]n his motion to dismiss, the defendant also seeks attorney's fees"). Finally, Plaintiff's argument would put losing plaintiffs in a worse position, requiring them to litigate a new action and putting them on the hook for "fees on fees," which are available under anti-SLAPP. *See Golan v. Daily News, L.P.*, 2023 WL 5900247, at \*2 (Sup. Ct. N.Y. Cty. Sep. 11, 2023) (approving "fees on fees" for billable hours accrued after the lower court decided the motion to dismiss).[2] In sum, the federal procedure for

---

[2] Plaintiff also argues that notice is required prior to requesting fees. *See* Opp. at 8 ("Defendants deprived the Court of the opportunity to evaluate the 'substantial basis' question contemporaneously with its merits analysis, and deprived Plaintiff of the opportunity to brief the fee issue alongside the motion to dismiss."). There is no such requirement in the statute, and none has been imposed by a court. Notably, in *Satanic Temple*, the defendants did not raise their anti-SLAPP defenses in a separate claim, counterclaim, or action. They "maintained" the action and raised anti-SLAPP at summary judgment. *See* Defendant's Memorandum of Law in Support of Motion for Summary Judgment, *Satanic Temple v. Newsweek Digital, LLC* (S.D.N.Y. 22-cv-01343), ECF No. 99; *Satanic Temple, Inc. v. Newsweek Mag. LLC*, 774 F. Supp. 3d 688, 699 (S.D.N.Y. 2025*), aff'd sub nom. Satanic Temple, Inc. v. Newsweek Digital LLC*, 2026 WL 1502095 (2d Cir. May 28, 2026). Furthermore, Plaintiff's own arguments foreclose remedies to this invented issue. A separate action does not provide "contemporaneous" notice, and Plaintiff already argued that raising the fee request in the motion to dismiss would have no procedural function. Opp. at 2-3. This Rule 54 motion, however, allows the Court to understand the anti-SLAPP standards and provides Plaintiff his opportunity to be heard.

requesting attorney's fees is a Rule 54 motion, like Defendants filed here.[3]

### B.    Dismissal Under 12(B)(6) Means The Case Lacked A Substantial Basis

Plaintiff also argues that a 12(b)(6) dismissal is not grounds for attorney's fees and that the Court must evaluate the claims anew in order to grant fees. *See* Opp. 7-10 ("more searching inquiry is warranted when the underlying dismissal involves a question of characterization rather than the complete absence of required pleading elements."). This is simply wrong. Courts consistently agree that a dismissal under 12(b)(6) means that a claim lacks a substantial basis in law and is therefore subject to New York's mandatory attorney fees. Mot. at 6-7 (citing cases); *Heilbut v. Cassava Sciences, Inc.*, 778 F. Supp. 3d 551, 570 (S.D.N.Y. 2025) ("the Defamation Action lacked a substantial basis in fact and law because Cassava's first amended complaint was dismissed for failure to state a claim.").

Defendants do not argue that "Section 70-a's 'substantial basis' standard is…equivalent to a simple Rule 12(b)(6) standard." Opp. at 9. In fact, substantial basis is a *higher* standard than 12(b)(6) and CPLR 3211(a) motion to dismiss standards. *See Reeves Associated Newspapers, Ltd.*, 232 A.D.3d 10, 18 (1st Dep't 2024) (likening substantial basis to an "accelerated summary judgment procedure."). That is precisely why Plaintiff's claims do not need to be reevaluated. Because Plaintiff failed to meet the lower dismissal standards, he necessarily cannot meet the higher substantial basis standard. Mot. at 4. Similarly, Plaintiff was in no way prejudiced by Defendants' decision not to raise the higher "substantial basis" standard on their motion to dismiss when his claims were unable to survive even under the lower standard.

This Court's finding that the statements were nonactionable opinion does not bolster his

---

[3] Plaintiff refers to the "3211(g) motion mechanism," but 3211(g) does not provide a procedure for fees. CPLR 3211(g) requires plaintiffs to meet the higher pleading standard of "substantial basis."

arguments. Opp. at 9. While Plaintiff is correct that "the opinion/fact distinction is a legitimate area" of law, *see* Opp. at 1, 7, it is *settled* that opinions are non-actionable because they cannot be proven true or false. *See* ECF No. 26 at 9-11 (citing cases); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339-40 (1974) ("Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas."); *Chau v. Lewis*, 771 F.3d 118, 128 (2d Cir. 2014) ("only factual statements are actionable"); *Gross v. N.Y. Times Co.*, 82 N.Y.2d 146, 152 (1993). By failing to identify any factual statements, Plaintiff failed to plead falsity, an essential element of a defamation claim.[4] In other words, the complaint suffered from an "absence of necessary allegations." Opp. at 9-10. If there had been a "substantial basis" or a "substantial argument" about whether or not the isolated words and decontextualized phrases were facts, the case would have survived dismissal.[5] *Bobulinski*, 758 F. Supp. 3d at 185 ("whatever *else* the phrase 'without a substantial basis in fact and law' means, it is certainly triggered by the failure to state a claim.").

Nonetheless, Plaintiff argues an additional review is necessary because "The anti-SLAPP statute was never intended to transform every unsuccessful libel claim into a vehicle for fee-shifting." Opp. at 9. However, that was exactly the goal. The fee shifting is meant to deter plaintiffs

---

[4] While it is not relevant to the analysis for mandatory attorney's fees—only the additional compensatory and punitive damages in Section 70-a—Defendants emphatically disagree with Plaintiff's characterization of this action as being "in good faith." Opp. at 9. Indeed, it was very clearly "abusive" litigation.

[5] Plaintiff cites to *Wang v. Sussman,* 2025 WL 2607155 (S.D.N.Y. Sept. 9, 2025), *appeal filed* (2d Cir. 25-2487) (Oct. 9, 2025) to argue for this additional review. *See id.* at *6; Opp. at 10. *Wang* in turn points to *Bobulinksi*, but that court only recognized analyzing the "daylight" between 12(b)(6) and 3211(a) when "a New York SLAPP claim … would survive dismissal *but for* the plausibility requirement of *Twombly* and *Iqbal.*" *Bobulinski*, 758 F. Supp. 3d at 185 n.17 ("Theoretically there might be some daylight between the CPLR 3211(a)(7) standard and the Rule 12(b)(6) standard as a result of *Twombly* and *Iqbal*, which do not apply in New York state court. But that difference is not salient here, because Plaintiffs' claims clearly fail for multiple reasons under New York law even absent any 'plausibility' requirement of Rule 12(b)(6)."). Further, *Wang* declined to conduct an *Erie* analysis to determine the appropriate application of the substantive provision, rested its decision on cases interpreting the old anti-SLAPP law, has been appealed, and should not be considered a settled interpretation of the law. *Lively v. Wayfarer Studios LLC* relies on *Wang*'s incomplete analysis, as well as the defendants' reliance on the procedural provision of CPLR 3211(g), which Defendants do not raise here. 2026 WL 852733, at *5 (S.D.N.Y. Mar. 27, 2026).

from filing claims that impinge on First Amendment rights, particularly when, as here, the action amounts to little more than a political disagreement.  *See* N.Y. State Assembly Mem. in Support, Bill Jacket, L 2020, ch. 250 at 7 (the amendments work "by expanding the breadth of the law and also putting teeth into it so as to deter these lawsuits from being brought.").  Thus, the legislature purposefully made attorney's fees mandatory for *any* meritless claim, specifically removing judicial discretion.  *See, e.g., Trinh v. Nguyen*, 211 A.D.3d 1623, 1625 (4th Dep't 2022) ("the anti-SLAPP law was initially enacted…to remedy the courts' failure to use their discretionary powers to award costs and fees in such cases."); *A.R.P. v. City of New York*, 88 Misc. 3d 1217(A), at *2-3 (Sup. Ct. N.Y. Cty. 2026) (awarding fees to media defendants for unsuccessful claim by a minor identified in an article as a "person of interest" in a fatal stabbing, per police sources, despite later being cleared of any wrongdoing).  Meritorious claims are in no way foreclosed under New York's anti-SLAPP law, but the law pushes plaintiffs to evaluate the strength of their claims *prior* to filing, which Plaintiff clearly did not do.

        **C.**     ***Berk v. Choy* Is Not Relevant Here**

Plaintiff heavily relies on a recent Supreme Court decision, *Berk v. Choy*, but that case concerns procedural—not substantive—applications of state law and is therefore not relevant here. 607 U.S. 187 (2026).  In *Berk*, the Court found that additional state *pleading* requirements—there, a medical affirmation in personal injury cases—could not be applied in federal court as it required more than the Federal Rules.  *Id*. at 198.  However, here, the rule granting attorney's fees is substantive, not procedural.  *See, e.g.*, *Satanic Temple, Inc.*, 2026 WL 1502095, at *5-6 (affirming attorney's fees and anti-SLAPP's heightened standards are substantive); *Grifols, S.A. v. Yu*, 2026 WL 836657, at *3-6 (S.D.N.Y. Mar. 26, 2026) ("New York's anti-SLAPP statute creates a substantive right that does not conflict with the [F.R.C.P.] and is thus applicable in federal court."). Therefore, *Berk* does not affect this case.  607 U.S. at 198 ("[w]hat matters is what the [F.R.C.P.]

7

Rule itself *regulates*: If it governs only 'the manner and the means' by which the litigants' rights are 'enforced,' it is valid.") (citing *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co. v.*, 559 U.S. 393., 407 (2010)). Even if *Berk* did apply here—and it does not—it would only require that Defendants follow the federal procedural framework for obtaining attorney's fees, *i.e.*, Rule 54, which is precisely what Defendants have done.

For all these reasons, Plaintiff's various arguments to avoid the application of New York's anti-SLAPP statute to award attorney's fees fail.

## II.   DEFENDANTS' ATTORNEY'S FEES ARE REASONABLE

Plaintiff's argument that Defendants' request for attorney's fees is unreasonable and excessive is patently incorrect. Opp. at 10. After forcing Defendants to litigate two complaints that had no basis in law, Plaintiff cannot now argue that the time and cost for defending against the lawsuit was excessive. Against every standard, Defendants' fees are reasonable.

*First*, the reasonableness of attorney's rates are measured against several metrics: the attorney's background and expertise, the average rates in the same legal market based on location and size of firm, and the average rates for the type of matter. As explained in the opening brief, Defendants are represented by two New York attorneys from a highly-regarded media group at a big law firm. *See* Mot. at 9-10. Based on an analysis by a Big Four accounting firm, the median rates of attorneys with similar years of practice at similarly sized firms were *$1,750* and *$1,155* per hour. Mot. at 9. Further, in the Southern District of New York, courts have determined that rates as high as *$1,760* per hour were reasonable. Mot. at 12 (citing cases). And, in a recent defamation case in the Southern District of New York, the court found rates as high as *$1,338* per hour were reasonable. *Bobulinksi v. Tarlov*, 2025 WL 872178, at *2 (S.D.N.Y. Mar. 20, 2025) Yet, here, Defendants seek an award for attorney's fees based on significantly lower rates: at most

*$735* and *$545* per hour, the rates permitted by Defendants' insurer.[6]  These rates are undoubtedly reasonable.

*Second*, based only on his own assessment that this case was "relatively straightforward," Plaintiff complains that too much time was spent defending the matter.  Opp. at 11-12.  This argument should be rejected, as it is contradicted by his own insistence—also unsupported by any legal authority—that the Court must employ a "more searching inquiry" before even granting anti-SLAPP fees.  Opp. at 7-9.  He cannot have it both ways.

The argument is also factually incorrect.  When awarding anti-SLAPP fees, the *Bobulinski v. Tarlov* court looked to other federal districts to determine a reasonable time spent on the defendants' successful anti-SLAPP motions to dismiss, and ultimately awarded fees for 354 hours. 2025 WL 872178, at *3 (S.D.N.Y. Mar. 20, 2025) (citing *Tu Nguyen v. Duy Tu Hoang*, 2018 WL 8732490, at *8-9 (S.D. Tex. Oct. 19, 2018) (328 hours) and *Woulfe v. Universal City Studios LLC*, 2024 WL 1110914, at *9-10 (C.D. Cal. Feb. 8, 2024) (416 hours)).[7]  Here, Defendants spent 312 hours between two attorneys and two paralegals to complete the required factual research— including reading the book, reviewing the numerous third-party podcasts and articles Plaintiff cited in the complaint, as well as the sources for the challenged statements—drafting and filing two motions to dismiss, attending to initial discovery obligations including a discovery conference with Plaintiff's counsel, and attending two in-court appearances, including an oral argument for the dispositive motion.  *See* ECF No. 39-4 (Declaration of Elizabeth A. McNamara, Ex. D).  Further, Plaintiff's strategy of challenging single words and disconnected phrases taken out of context from

---

[6] Plaintiff argues that these rates are "substantial" for a "pre-discovery motion to dismiss," Opp. at 11, but rates typically do not vary based on the phase of litigation.  Plaintiff has provided no authority to suggest otherwise.

[7] Plaintiff relies entirely on one 12-year-old case.  Opp. at 11 (citing *Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento*, 2014 WL 5698448, at *4 (E.D. Cal. Nov. 4, 2014)).  That case is not dispositive here.

the entire work required Defendants to properly reframe the challenged statements in context, necessitating a detailed textual analysis of the work. Plaintiff's gamesmanship created the very time consuming process he now decries. There is no real argument that the time spent is excessive.

*Finally*, Plaintiff's suggestion that the fees must be limited to the "anti-SLAPP defense" is wrong and should be rejected. *See* Opp. at 12. The New York Legislature was clear that anti-SLAPP was meant to apply to every meritless litigation, like this one. *See, e.g., Reeves*, 232 A.D.3d at 12 ("The anti-SLAPP law is designed to deter 'strategic lawsuits against public participation' and thereby protect the free exercise of speech, petition and association. To this end,… [i]f the claim is dismissed, the defendant recovers a mandatory award of attorneys' fees.") (internal citations omitted). And, New York courts have clearly held that fees cover the entirety of the litigation, including appeals. *See Golan*, 2023 WL 5900247, at *2 ("'costs and attorney's fees shall be recovered' when, *inter alia*, an anti-SLAPP matter is dismissed upon a demonstration that the case 'was commenced *or continued* without a substantial basis in law or fact.' . . . It therefore cannot be disputed that Defendants are entitled to fees and costs for the appellate proceedings here." (emphasis in original)); *Bobulinski*, 2025 WL 872178, at *4 ("All of these line items are within the realm of 'fees associated with defending this action.'") (citing *InkMango, Inc. v. Warren*, 2024 WL 4802367 at *5 (Sup. Ct. N.Y. Cty. Nov. 8 2024) (Section 70-a includes any "associated" fees)).

## CONCLUSION

Defendants respectfully request that the Court grant their reasonable costs and attorney's fees under New York's anti-SLAPP statute.

Dated:  June 9, 2026                                    **DAVIS WRIGHT TREMAINE LLP**

                                                        */s/ Elizabeth A. McNamara*

10

Elizabeth A. McNamara
Leena M. Charlton
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Phone: (212) 489-8230
Email: lizmcnamara@dwt.com
        leenacharlton@dwt.com

*Attorneys for Defendants Eoin Higgins
and Hachette Book Group, Inc.*

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATIONS

I hereby certify that the word count of this memorandum of law complies with the word limits of Local Civil Rule 7.1(c).  According to the word-processing system used to prepare this memorandum of law, the total word count for all printed text exclusive of the material omitted under Local Civil Rule 7.1(c) is 3,679.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Elizabeth A. McNamara*
Elizabeth A. McNamara
