**GS2LAW**

Robert Garson
20801 Biscayne Blvd, Suite 506
Aventura, Florida 33180
E: rg@gs2law.com

June 18, 2026

The Honorable Robert W. Lehrburger  USMJ
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: *Taibbi v. Higgins et al.*, Case No. 1:25-cv-09511-GBD-RWL**

Dear Judge Lehrburger,

We represent Plaintiff Matt Taibbi in the above-captioned matter. We respectfully write to notify the Court of recently decided supplemental authority in further opposition to Defendants' Rule 54(d) Motion for Attorney's Fees [ECF No. 38] *Lively v. Wayfarer Studios LLC*, No. 24-cv-10049, 2026 (S.D.N.Y. June 12, 2026) (Liman, J.). A copy of the decision is attached hereto as **Exhibit A**.

In *Lively*, Judge Liman analyzed anti-SLAPP fee-shifting in federal court and drew a distinction that supports Plaintiff's opposition here. The court observed that California's Section 47.1 was deliberately drafted to award fees to "[a] prevailing defendant in *any* defamation action," avoiding the conflict the Second Circuit identified in *La Liberte v. Reid*, 966 F.3d 79, 88–89 (2d Cir. 2020). *Lively*, slip op. at 8–9.

This distinction is significant. As the *Lively* court noted, the Second Circuit in *La Liberte* observed that "[t]he California Legislature presumably could have awarded attorneys' fees to the prevailing party in any defamation action, but it chose not to do so." *Id.* at 9 (quoting *La Liberte*, 966 F.3d at 89 n.6); *see also id.* at 29. California later enacted Section 47.1 to do precisely that, decoupling fee recovery from any specific procedural mechanism.

New York's anti-SLAPP statute took no such step. Section 70-a(1)(a) ties fee recovery to a showing that the action lacked "a substantial basis in fact and law," the very standard multiple courts in this Circuit have held conflicts with Rules 12 and 56. *Lively* confirms the point: when a legislature intends fee-shifting to survive in federal court, it decouples the remedy from conflicting procedural standards. New York did not do so, and § 70-a's fees remain unavailable here. Defendants' attempt to use Rule 54(d) as a vehicle for § 70-a fees cannot cure the underlying statutory defect that New York, unlike California, never untethered its fee provision from the "substantial basis" standard that conflicts with the Federal Rules.

We thank the Court for its consideration.

 Continuation Page

Respectfully submitted,


Robert Garson
*Counsel for Plaintiff*

cc: Elizabeth A. McNamara, Esq. (via ECF) Leena M. Charlton, Esq. (via ECF)